ORIGINAL

Of Counsel:
CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 21 2010

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

L. RICHARD FRIED, JR. 764-0
JOHN D. THOMAS, JR.  1415-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-1433
Facsimile:  (808) 536-2073
E-mail:  cfskf@croninfried.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PHILIPPE DE LA COUTURE and ) CIVIL NO. CV10 00040
CHANTALLE C. DE LA COUTURE, ) (Medical Malpractice)
)                                    DAE LEK
)
       Plaintiffs,       ) COMPLAINT; SUMMONS
)
)
   vs.                   )
)
)
UNITED STATES OF AMERICA, )
)
)
       Defendant.        )
)
)
_____ )

COMPLAINT

       Plaintiffs above named, by and through their

attorneys, Cronin, Fried, Sekiya, Kekina & Fairbanks,

for claims for relief against defendant above named,
allege and aver as follows:

### COUNT I

1.   At all times relevant herein, plaintiffs
Philippe De La Couture and Chantalle C. De La Couture
were domiciled in and citizens of the City and County
of Honolulu, State of Hawaii

2.   Chantalle C. De La Couture is the natural
and legal child of Philippe De La Couture.

3.   This is a medical malpractice and personal
injury action to recover damages which arise from
negligent acts and/or omissions of employees of the
Government of the United States of America, while
acting within the scope of their office and/or
employment, under circumstances where the Government of
the United States of America, if a private party, would
be liable to plaintiffs.

4.   Jurisdiction is conferred on this Court by
Title 28, United States Code § 1346.

5.   Pursuant to Title 28, United States Code, §§ 2671, et seq., Plaintiff Philippe De La Couture, acting on his own behalf, filed on August 4, 2007 an administrative claim with the Department of Veterans Affairs.  The administrative claim was received by the Department of Veterans Affairs on August 8, 2007.

6.   Pursuant to Title 28, United States Code, §§ 2671, et seq., an amended administrative claim on behalf of Philippe De La Couture, and an administrative claim on behalf of Chantalle C. De La Couture, were filed with the Department of Veterans Affairs on February 6, 2008 and received by the Department of Veterans Affairs on February 8, 2008.  Administrative claims on behalf of Philippe De La Couture and Chantalle C. De La Couture were filed with the Department of the Army on February 28, 2008 and received by the Department of the Army on February 29, 2008.

7.   The administrative claims were all referred to the Department of Veterans Affairs.  The

Department of Veterans Affairs denied the administrative claims on November 18, 2009.

8.   At all times relevant herein, defendant operated medical care facilities in the City and County of Honolulu, State of Hawaii, including those known as Tripler Army Medical Center (hereinafter "TAMC"), through the Department of the Army, and the Spark M. Matsunaga VA Medical Center (hereinafter "VA Medical Center"), through the Department of Veterans Affairs.

9.   Plaintiff Philippe De La Couture was a patient of the VA Medical Center where he was followed and treated for chronic liver disease.

10.   On September 2, 2004 Plaintiff Philippe De La Couture underwent abdominal ultrasound testing at TAMC.  The ultrasound was ordered by Mr. De La Couture's primary care physician at the VA Medical Center.

11.   The ultrasound study and report identified a new 2 cm mass in the right lobe of Mr. De La Couture's liver.  The report stated that the

4

differential diagnosis for potential causes of the mass included hepatocellular carcinoma, i.e., liver cancer.

12. Plaintiff Philippe De La Couture was not informed of the 2 cm mass nor of the possibility of liver cancer.

13. Upon information and belief, the findings and report of the September 2, 2004 ultrasound were not communicated by TAMC medical providers to Mr. De La Couture's VA Medical Center medical providers.

14. Plaintiff Philippe De La Couture's medical providers at the VA Medical Center and at TAMC did not pursue any evaluation, testing or study of the 2 cm liver mass to determine if it was liver cancer or if treatment was required at that time for liver cancer.

15. On September 5, 2006, two years later, Philippe De La Couture again underwent abdominal ultrasound testing at TAMC. The ultrasound study and report identified a 5.6 X 4.2 X 4.8 cm mass in the right lobe of the liver.

16. Plaintiff Philippe De La Couture was notified of these findings and Mr. De La Couture's medical providers at the VA Medical Center and at TAMC undertook further evaluation, testing, study and treatment of the right lobe liver mass.

17. On October 2, 2006 a CT scan of the liver was performed. The radiology report of this CT scan stated in part:

> A 4.9 X 4.1 cm heterogenous mass is visualized in the right lobe centered in segment 5 (image 53). On ultrasound dated September 2004 this mass measured approximately 2 cm. ... Given the appearance of the lesion and interval growth in time frame, findings are diagnostic of hepatocellular carcinoma.

18. Plaintiff Philippe De La Couture underwent surgery on December 29, 2006 to remove the right lobe of his liver. The pathology report of the right hepatic lobe was remarkable for the presence of a 5.2 cm tumor extending to 1 mm of the resection margin. Focal areas of the tumor were suspicious for lymphovascular invasion.

19. On December 8, 2008 Plaintiff Philippe De La Couture had an orthotopic liver transplant. Although the transplant procedure was successful, Mr. De La Couture's post-operative course has been remarkable for a persistent increase in his serum alpha fetoprotein (AFP) levels, from 3.4 ng/ml in October, 2008 to 3112 ng/ml in December 2009. AFP is a marker for the presence of hepatocellular carcinoma.

20. It is medically probable that Plaintiff Philippe De La Couture has developed recurrent liver cancer following his liver transplant.

21. Numerous imaging studies and scans have been performed upon Plaintiff Philippe De La Couture in an attempt to localize his recurrent cancer. Although there has been no confirmation of the specific site(s) of cancer recurrence, it is nearly certain that Plaintiff Philippe De La Couture has developed recurrent hepatocellular carcinoma.

22. The more than two year delay from 2004 to 2006 in diagnosis and treatment of Plaintiff Philippe

De La Couture's hepatocellular carcinoma has significantly reduced Mr. De La Couture's long-term survival.

23. The prognosis for recurrent hepatocellular carcinoma following liver transplant is poor. Cure is unlikely and treatment is primarily palliative.

24. Based upon reasonable medical probability, had Plaintiff Philippe De La Couture's hepatocellular carcinoma been diagnosed in September 2004, when ultrasound identified a 2 cm lesion suspicious for hepatocellular carcinoma, appropriate treatment at that time would have resulted in eradication of Plaintiff Philippe De La Couture's cancer with non-recurrence during his lifetime.

25. Defendant, by and through its agents, servants and employees, negligently examined, evaluated, tested, diagnosed, cared for and otherwise negligently treated Plaintiff Philippe De La Couture.

26. As a direct and legal and/or proximate cause of the carelessness, negligence, actions and

omissions of Defendant as aforesaid, Plaintiff Philippe

De La Couture has suffered severe and permanent

injuries, including delayed diagnosis of liver cancer

and a probable recurrence of his liver cancer.

27. As a further direct and legal and/or

proximate cause of the carelessness, negligence,

actions and omissions of Defendant as aforesaid,

Plaintiff Philippe De La Couture has suffered and will

suffer in the future, great physical pain, discomfort,

disfigurement and permanent bodily injuries; and has

suffered, and will suffer in the future, emotional

injuries and distress and mental anguish; and severe

psychological and other disabilities.

28. As a further direct and legal and/or

proximate cause of the carelessness, negligence,

actions and omissions of Defendant as aforesaid,

Plaintiff Philippe De La Couture has suffered and will

suffer in the future loss of enjoyment of life and the

inability to pursue normal activities of life and will

be unable to pursue activities, including sports,

hobbies, human and family relations, and other endeavors.

29. As a further direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendant as aforesaid, plaintiffs have incurred medical and miscellaneous expenses, and care costs, and will incur such medical, miscellaneous and care costs in the future, and will incur future costs in amounts which are presently unknown, and ask leave of this Court to show the same at trial.

30. As a further direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendant as aforesaid, Plaintiff Philippe De La Couture has sustained loss of earnings and has suffered impairment of his earning capacity, and will sustain future wage losses and/or impairment of earning capacity, in amounts which are presently unknown, and ask leave of the Court to show the same at trial.

31. As a further direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendant as aforesaid, plaintiff Chantalle C. De La Couture, as the daughter of Plaintiff Philippe De La Couture, has suffered, and will continue to suffer in the future, pecuniary injury, loss of financial support, loss of love and affection, society, companionship, comfort, consortium, protection, parental care and attention, advice, counsel, loss of parental care, training, guidance and education, and other benefits of her father, for which Plaintiff Chantalle C. De La Couture is entitled to recover damages; and in addition, has suffered and continues to suffer serious mental anguish and emotional distress and has been permanently injured, and said plaintiff is also entitled to recover damages therefor.

## COUNT II

11

32. The allegations contained in paragraphs 1 through 31 are realleged and incorporated herein by reference.

33. At all times relevant herein, the employees, agents, servants and representatives of TAMC and the VA Medical Center who examined, diagnosed, cared for and treated Plaintiff Philippe De La Couture were acting within the course and scope of their respective employment, agency and service with TAMC and the VA Medical Center and therefore with defendant United States of America; and, therefore, defendant United States of America is liable to plaintiffs for the tortious conduct of the above-mentioned employees, agents, servants and representatives as set forth in this Complaint under the doctrine of respondeat superior and/or agency principles.

COUNT III

34. The allegations contained in paragraphs 1 through 33 are realleged and incorporated herein by reference.

35. At all times relevant herein, TAMC and the VA Medical Center and their employees, agents, servants and representatives did hold themselves and their health care provider employees, agents, servants and representatives out to members of the general public and to plaintiffs as possessing that degree of care and skill ordinarily possessed and exercised by like health care providers, employees, agents, servants and representatives.

36. At all times relevant herein, TAMC and the VA Medical Center impliedly and/or expressly warranted to plaintiffs that they and their employees, servants, agents and representatives would provide competent care and appropriate treatments and/or services.

37. TAMC and the VA Medical Center breached their warranties to plaintiffs.

38. As a direct and legal and/or proximate result of TAMC's and the VA Medical Center's breaches of warranties, plaintiffs have suffered, and will

13

continue to suffer, the injuries and damages as set forth herein.

WHEREFORE, plaintiffs demand judgment against defendant as follows:

a.  For general and special damages in amounts that will be proven at trial; and plaintiffs further state that the amount of their damages as asserted herein falls within the jurisdictional requirements of this Court;

b.  Interest as allowed by law;

c.  Plaintiffs' costs of suit and attorneys' fees; and

d.  Such other and further relief as this Court deems just and proper.

DATED:  Honolulu, Hawaii, January 21, 2010.

L. RICHARD FRIED, JR.
JOHN D. THOMAS, JR.
Attorneys for Plaintiffs

14